
USCA1 Opinion

	




       [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
                 United States Court of Appeals
                     For the First Circuit





No. 98-2155

                      EDWARD L. MAHAN, III,

                      Petitioner, Appellant,

                                v.

                          UNITED STATES,

                      Respondent, Appellee.



           APPEAL FROM THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF RHODE ISLAND

           [Hon. Ernest C. Torres, U.S. District Judge]



                              Before

                     Boudin, Circuit Judge,
                Campbell, Senior Circuit Judge,
                   and Stahl, Circuit Judge.
                                
                                
                                
                                
     
     Edward L. Mahan, III on brief pro se.
     Margaret E. Curran, United States Attorney, and Donald C.
Lockhart, Assistant United States Attorney, on brief for appellee.





October 7, 1999



                                
                                
  
            Per Curiam.    Petitioner Edward L. Mahan, III,
  appeals pro se from the denial of a 28 U.S.C.  2255 petition. 
  The district court granted a certificate of appealability
  limited to the issue
                                whether a criminal defendant who
                 was advised of his right to
                 appeal, afforded an opportunity
                 to exercise that right, and
                 still failed to affirmatively
                 exercise that right has in fact
                 waived his right to appeal.
  Upon review, we affirm.
            As an initial matter, the district court's factual
  finding that Mahan failed to ask his attorney to file a notice
  of appeal is not clearly erroneous.  See Strickland v.
  Washington, 466 U.S.  668, 698 (1984) ("district court findings
  [made in the course of deciding an ineffective assistance
  claim] are subject to the clearly erroneous standard of Fed. R.
  Civ. P. 52(a)"); Lema v. United States, 987 F.2d 48, 53 (1st
  Cir. 1993) (applying clearly erroneous standard to factual
  findings underpinning ineffective assistance claim).  The
  evidence, which included counsel's testimony as to his
  customary practice, supported competing inferences.  The
  district court rejected the credibility of Mahan's testimony,
  and Mahan provides insufficient reason to second-guess this
  judgment. 
            Moreover, without deciding whether a request to
  appeal is always required, compare Ludwig v. United States, 162
  F.3d 456, 459 (6th Cir. 1998) ("[T]he constitution is only
  implicated when a defendant actually requests an appeal, and
  his counsel disregards that request.") with White v. Johnson,
  180 F.3d 648, 656 (5th Cir. 1999) (granting habeas relief where
  counsel's failure to fully inform petitioner of his appellate
  rights caused him to lose the opportunity to appeal), we think
  that the district court appropriately found waiver based on the
  absence of an affirmative request where, as here: petitioner
  was twice advised of his right to appeal by the sentencing
  court; petitioner pled guilty and his claim is limited to the
  loss of a sentencing appeal; petitioner conceded that counsel
  advised him that the case law is against him on the sole
  sentencing issue preserved by counsel; and petitioner was in
  contact with counsel's office after sentencing, and he could
  have solicited further advice regarding the merits of an
  appeal, if necessary to a decision.   
            Affirmed.

